**In re Tammy L. HOFER, Debtor.**

No. 09–61468.

United States Bankruptcy Court, D. Minnesota.

Oct. 21, 2010.

Jon R. Brakke, Vogel Law Firm, Fargo, ND, for Debtor.

## ORDER DENYING CONFIRMATION AND DISMISSING CASE

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter was heard on July 20, 2010, on confirmation of the debtor Tammy L. Hofer's Chapter 13 Plan. An objection was filed by Andreas Hofer, the debtor's former spouse. Jon Brakke appeared for the debtor and Allen Haugrud appeared for Andreas Hofer. The Court, having received and reviewed additional briefs filed by the parties and being fully advised in the matter, now makes this **ORDER** pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I

Andreas Hofer objects to confirmation of the debtor's plan, claiming that the plan is not feasible and that it has been proposed in bad faith. The plan is a one hundred percent plan payable over 60 months. The sole purpose and objective in the debtor's Chapter 13 filing and plan is to avoid complying with a portion of a judgment and decree of dissolution of marriage entered by a state family court on December 10, 2007, and subsequent enforcement orders. The Court finds that the purpose and objective of the filing and the plan is to modify a state court dissolution decree, which is an inappropriate use of Chapter 13. The Court denies confirmation and dismisses the case.

### II

The parties were divorced by judgment and decree issued by the state district family court in Becker County, Minnesota,

on December 10, 2007. Paragraph 8 of the decree dealt with the obligation of Andreas Hofer to pay child support, and paragraph 10 dealt with the sale of the parties' homestead. The property was to be sold with $11,000 proceeds paid to Mr. Hofer and the remainder to the debtor. The court reserved jurisdiction over the property pending its sale. Paragraph 8 provided that Mr. Hofer's obligation to pay child support be deferred until the sale of the real property had been consummated.

The property did not sell. Mr. Hofer refinanced the mortgage on the property, assuming liability in his name only, on November 3, 2008, as a short term bridge to what he expected would be a forthcoming sale. According to Mr. Hofer, the debtor was uncooperative in the sale effort. The debtor denies the allegation. The family court subsequently issued two orders regarding the sale, the second ordering an auction to take place in December 2009. The debtor responded by filing her Chapter 13 bankruptcy petition on December 28, 2009.[1]

At filing, the debtor was unemployed and could not have funded a plan. But, the initial plan filed listed Mr. Hofer's claim as a special unsecured class claim of $11,000, and proposed payment over 55 months. No other claims were to be paid under the plan. The total unsecured claims scheduled, including Mr. Hofer's, were $14,911.75.[2] The trustee objected to the plan as being unfairly discriminatory and it was amended to include the other originally scheduled unsecured claims.

The plan treats Mr. Hofer as an unsecured creditor and would pay the claim in full over 60 months, while the debtor would retain the homestead and make the mortgage payments, for which Mr. Hofer is solely liable, outside the plan. At the hearing, the debtor testified that she had filed a pending motion in state family court to have paragraph 8 of the dissolution decree amended to require Mr. Hofer to now begin child support payments.

## III

■ Limitation on federal court jurisdiction of marital dissolution matters goes back centuries. See: *Barber v. Barber*, 21 How. 582, 16 L.Ed. 226 (1859). In 1992, the Supreme Court, *Ankenbrandt v. Richards*, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992), narrowed the limitation, but, did not eliminate it.

> The *Barber* Court thus did not intend to strip the federal courts of authority to hear cases arising from the domestic relations of persons unless they seek the granting or modification of a divorce or alimony decree.

*Ankenbrandt v. Richards*, 504 U.S. at 701, 702, 112 S.Ct. at 2214.

> We conclude, therefore, that the domestic relations exception, as articulated by this Court since *Barber*, divests the federal courts of power to issue divorce, alimony, and child custody decrees. Given the long passage of time without any expression of congressional dissatisfaction, we have no trouble today reaffirming the validity of the exception as it pertains to divorce and alimony decrees and child custody orders.

*Id.*, 504 U.S. at 703, 112 S.Ct. at 2215.

> Not only is our conclusion rooted in respect for this long-held understanding,

---

1. Apparently, the state court judge was informed of the pending bankruptcy and cancelled the auction.

2. The schedules were amended twice to include student loans, initially in the amount of $137,250, later reducing the amount to $83,115.17. Apparently, the loans are current. The loans are not mentioned in either the original or amended plan.

it is also supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees. See *Lloyd v. Loeffler*, 694 F.2d 489, 492 (C.A.7 1982).

*Id.*, 504 U.S. at 703, 704, 112 S.Ct. at 2215.

In 2006, the Supreme Court again recognized the limitation.

Noting that some lower federal courts had applied the exception "well beyond the circumscribed situations posed by *Barber* and its progeny," *ibid.*, the Court clarified that only "divorce, alimony, and child custody decrees" remain outside federal jurisdictional bounds, *id.*, at 703, 704, 112 S.Ct. 2206, 119 L.Ed.2d 468. While recognizing state tribunals' "special proficiency" in handling issues arising in the granting of such decrees, *id.*, at 704, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468, the Court viewed federal courts as equally equipped to deal with complaints alleging torts, *ibid.* Pp. 1744–1746.

*Marshall v. Marshall*, 547 U.S. 293, 295, 126 S.Ct. 1735, 1739, 164 L.Ed.2d 480 (2006).

■ In this case, the debtor would use Chapter 13 to, in effect, modify paragraph 10 of the state court dissolution judgment and decree, a modification that she was unable to obtain in the state court. At the same time, she seeks modification of paragraph 8 of the decree in the state court. The federal district court does not have jurisdiction over these matters.

Even if jurisdiction existed, this Court would decline to exercise it in confirming the proposed plan under principles of comity pursuant to 28 U.S.C. § 1738, which provides, in pertinent part:

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

## IV

Based on the discussion above, the Court concludes that confirmation must be denied and that the case should be dismissed.

Accordingly, it is hereby **ordered:**

Confirmation of debtor's amended plane dated March 19, 2010, is DENIED and the debtor's bankruptcy case No. 09–61468 is DISMISSED.